UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OFFER VINCE SHLOMI (a/k/a Vince
Offer) an individual, SQUARE ONE
ENTERTAINMENT INC.

      Plaintiffs,

v.

BARRY CENAIKO; CENAIKO
PRODUCTIONS, INC.; AND DOES 1-3,

      Defendants

Court File No. 26-cv-2858

COMPLAINT

Plaintiffs Offer Vince Shlomi and Square One Entertainment, Inc., for their complaint against the Defendants, state and allege as follows:

## NATURE OF CLAIMS

1. Plaintiff Offer Vince Shlomi is the creator and owner of the SHAMWOW® brand, one of the most widely recognized consumer cleaning cloth product brands in the United States. For nearly two decades, Plaintiff has invested substantial time, resources, and goodwill to establish and protect the SHAMWOW® name, trademarks, and associated promotional materials.

2. Plaintiff learned in 2025 that Defendants, long-time trade show operators, have engaged in a prolonged course of conduct using the confusingly similar designation "Shamm-Wow!" and related marketing to sell competing products after a third party attending the Minnesota State Fair observed and photographed Defendants' booth. In doing so, Defendants exploited the goodwill of the SHAMWOW® brand, misled consumers, and diverted sales through false association,

1

imitation trade dress, and deceptive "As Seen on TV" claims. Defendants intentionally adopted a mark phonetically identical to SHAMWOW® to capitalize on Plaintiff's extensive national advertising and consumer goodwill.

3. Plaintiff brings this Complaint to halt Defendants' unlawful actions, protect the integrity of the SHAMWOW® brand, and recover damages for years of infringement.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Offer Vince Shlomi is a resident of California. He is the current owner of the SHAMWOW® trademarks, including U.S. Reg. Nos. 6,002,276 and 3,374,046. All interest in the trademarks was transferred to him by Square One, Inc., effective August 28, 2025, Assignment ID 1250983.

5. Plaintiff Square One Entertainment, Inc., is a corporation organized under the laws of the State of California, with its principal offices in Florida

6. Plaintiff is also the owner of the copyrighted SHAMWOW® promotional video, U.S. Copyright Registration No. PA0001612323, registered on October 17, 2007 (the "Copyrighted Work").

7. Defendant Barry Cenaiko is an individual residing and doing business in Minnesota and associated with multiple entities engaged in exposition and vendor operations at the Minnesota State Fair, including Cenaiko Productions.

8. Defendant Cenaiko Productions, Inc. is a Minnesota corporation that maintains a corporate office at 9697 East River Road, Coon Rapids, Minnesota.

9. Does 1-3 are potential third parties who have either aided or continue to aid the unlawful activities of Defendants.

2

10. This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a), and Minnesota law.

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

12. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in and/or committed the acts of infringement in Minnesota, including at the Minnesota State Fair in St. Paul.

FACTUAL ALLEGATIONS

13. Plaintiff's SHAMWOW® brand is widely recognized, and the marks have been used in commerce extensively and continuously in connection with cleaning cloth products since at least 2006. The SHAMWOW® registrations are valid, subsisting, and incontestable under 15 U.S.C. § 1065.

14. Plaintiff discovered Defendants' infringement of his marks in 2025. On August 25, 2025, Plaintiff's investigator documented a booth at the Minnesota State Fair listed as "Shamm-Wow!" (Vendor ID 3959.2, Merch Market, south wall). The booth is also listed in the Minnesota State Fair's directory:

https://www.mnstatefair.org/vendor/3959.2/ (accessed on August 25, 2025)



15.    Defendants displayed a large banner reading "Shamm-Wow!" and stacks of towels for sale for $20 each. The booth also described the towels "As Seen on TV."

16.    Defendants used the signage to lure consumers into purchasing counterfeit products by trading on the SHAMWOW® name.

17.    Defendants have used the "Shamm-Wow!" mark in commerce, including at large public trade events attended by consumers traveling from multiple states, and in connection with the sale and offering for sale of goods to such consumers. Upon information and belief, Defendants' activities affect interstate commerce by targeting and transacting with out-of-state visitors and by exploiting a nationally recognized brand.

18.    Defendants' use of "Shamm-Wow!" is confusingly similar to Plaintiffs' SHAMWOW® mark in sound, appearance, and meaning. Phonetically, "Shamm-Wow!" is identical to SHAMWOW®. Visually, Defendants use a substantially similar color scheme, stylized font, and overall presentation that closely mimics Plaintiff's branding and trade dress. Conceptually, both marks convey the same commercial

impression of a high-performance cleaning product associated with Plaintiff's well-known brand. These similarities are likely to cause, and have caused, consumer confusion as to the source, affiliation, or sponsorship of Defendants' goods.

19.    Defendants' use of "Shamm-Wow!" is confusingly similar to and substantially indistinguishable from SHAMWOW® and has caused and is likely to continue to cause consumers to believe the goods originate with or are authorized by Plaintiff. Not only does Defendant use the same color scheme, it also uses a font that is identical to or substantially indistinguishable from the font in Plaintiff's registered trademark. In short, Defendants intentionally adopted a mark phonetically identical to SHAMWOW® to capitalize on Plaintiff's extensive national advertising and consumer goodwill. In fact, Plaintiff invested more than $19 million dollars in the television marketing of SHAMWOW® products.

20.    The Defendants' use of the deceptively similar "Shamm-Wow" mark and marketing materials has created actual confusion.

     a. For example, an August 26, 2013, article in the Minneapolis Star Tribune confused the Defendant's knock-off with Plaintiff's trademark: "The events are so popular that only the best sellers are brought in to pitch, said Nick Cenaiko, president of Cenaiko Cos., the promoter of the ShamWow super-absorbent orange towel and JD's Salsa Mix." (See: https://www.startribune.com/polished-pitchmen-and-their-wares-are-popular-fare-at-the-fair/221228011) (last accessed April 1, 2026).

     b. A 2025 YouTube video shows Defendants selling their product at the Minnesota State Fair. The misleading and infringing "Shamm-Wow!" mark and the "As Seen on TV" are visible in the booth. A comment describes the video as "The ShamWow guy at the MN State Fair giving his pitch live in person, Sunday August 24th, 2025 day 4," demonstrating actual confusion caused by Defendants. (See: https://www.youtube.com/watch?v=8vuTTb4_YdY) (last accessed April 1, 2026).

21.     Upon information and belief, Defendants have further exploited Plaintiff's SHAMWOW® commercial and associated marketing by invoking "As Seen on TV" claims derived from Plaintiff's copyrighted advertisement, and by using derivative elements of that commercial in connection with the promotion and sale of their products without authorization. Defendants attempt to mimic Plaintiff Shlomi's pitch style, as can be seen by comparing an image from Plaintiff's video (on the left) with a Star Tribune image of a representative of Defendants:



Dave Johnston drew a crowd seconds after he started his pitch as he worked the crowd selling Sham-Wows. (Star Tribune/The Minnesota Star Tribune)

22.     Plaintiffs do not know Defendants and have never authorized them to use the SHAMWOW® marks. Defendants' conduct constitutes willful infringement and unfair competition.

## COUNT I – TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

23.     Plaintiffs have owned valid and subsisting federal registrations for SHAMWOW® since at least 2006. The trademark is incontestable.

24.     Defendants' unauthorized use of "Shamm-Wow!" constitutes "reproduction, counterfeit, copy, or colorable imitation" of Plaintiff's registered mark "in connection with the sale, offering for sale, distribution, or advertising" of Defendant's counterfeit product, and "is likely to cause confusion, or to cause mistake, or to deceive" consumers, and has caused actual confusion. See 15 U.S. Code § 1114.

25.     Defendants' use of the "Shamm-Wow!" mark to infringe on Plaintiffs' mark is willful and intended to confuse the public. Defendants intentionally adopted a mark phonetically identical to SHAMWOW® to capitalize on Plaintiff's extensive national advertising and consumer goodwill.

26.     Defendants are using a mark and a presentation that is identical to or substantially indistinguishable from Plaintiffs' registered trademark.

27.     Defendants' acts constitute trademark infringement in violation of 15 U.S.C. § 1114(1)(a) and (b).

28.     Defendants' conduct and infringement constitute counterfeiting under 15 U.S.C. § 1116(d).

29.     Defendants' infringement of Plaintiffs' trademarks has caused irreparable harm and will continue to cause irreparable harm if it is permitted to continue.

30.     Plaintiffs have also suffered damages as a direct result of Defendants' infringement.

### COUNT II – FALSE DESIGNATION (15 U.S.C. 1125(A)(1)(A)))

31.     Since at least 2006, Plaintiffs have owned the trademark "SHAMWOW," which has been registered and is incontestable.

32.     Defendants have used the "Shamm-Wow!" mark in a manner that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by

7

another person," infringing Plaintiffs' trademarks and trade dress in violation of 15 U.S.C. § 1125(a)(1)(A).

33.     Defendants' use of the confusingly similar "Shamm-Wow!" mark is willful and without authorization.

34.     Defendants' infringement of Plaintiffs' trademarks has caused irreparable harm and will continue to cause irreparable harm if it is permitted to continue.

35.     Plaintiffs have also suffered damages as a direct result of Defendants' infringement.

### COUNT III – UNFAIR COMPETITION (MINN. STAT. § 325D.44)

36.     Minnesota Statute Section 325D.44 prohibits unfair competition, including "pass[ing] off goods or services as those of another; caus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; caus[ing] likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another."

37.     Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of Minnesota Statute and Minnesota common law through the unauthorized use of the confusingly similar "Shamm-Wow!" mark.

38.     If Defendants are not enjoined from using the "Shamm-Wow!" mark or any other mark that is confusing similar to Plaintiff's SHAMWOW mark, they will continue to cause consumer confusion in violation of Minn. Stat. § 325D.44.

Based on the above, Plaintiffs request that the Court:

1. Find that Defendants have willfully infringed on Plaintiff's registered trademark.

2. Permanently enjoin Defendants from using the "Shamm-Wow!" mark, or any other mark that is confusingly similar to Plaintiff's SHAMWOW®, pursuant 15 U.S.C. § 1116(a);

3. Award Plaintiff all profits Defendants realized from their trademark infringement pursuant to 15 U.S.C. § 1117(a);

4. Award Plaintiff the actual damages caused by Defendants' trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1117(a);

5. Award Plaintiff treble damages for counterfeit pursuant to 15 U.S.C. § 1117(b);

6. Alternatively, award Plaintiff statutory damages for counterfeit pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit per mark;

7. Award Plaintiff costs, expenses, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and Minn. Stat. § 325D.45;

8. Grant such other and further relief as the Court deems just and equitable.


Dated: June 5, 2026                                          RUBRIC LEGAL LLC

                                                             /s/ Michael H Frasier
                                                             Michael H. Frasier (#387704)
                                                             Chad A. Snyder (#288275)
                                                             111 3rd Ave. S – Suite 110
                                                             Minneapolis, MN 55401
                                                             612.465.0074
                                                             michael@rubriclegal.com
                                                             chad@rubriclegal.com

                                                             Attorneys for Plaintiffs